SARAH A. MARATTA

*v.*

CHARLES B. ANDERSON.

*Opinion filed April 21, 1898.*

APPEALS AND ERRORS—*finding of chancellor on conflicting oral testimony not disturbed on appeal.* Findings of fact by a chancellor on conflicting oral testimony will not be disturbed on appeal, unless clearly contrary to the weight of evidence.

APPEAL from the Circuit Court of Lawrence county; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

GEE & BARNES, for appellant.

W. F. FOSTER, and S. C. LEWIS, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Lawrence county decided that a deed made by appellee for the conveyance of forty acres of land where he lived, to appellant, was never delivered to her, and entered a decree canceling the deed as a cloud on his title, in accordance with the prayer of his bill.

The question whether the deed was delivered is the only one raised, and, aside from the dispute on that subject, the facts proved are as follows: Defendant is a daughter of complainant, and she went with him, on May 22, 1893, when he was a widower, to the office of H. W. Bunn, Bridgeport, Illinois, where the deed was drawn by Bunn and complainant signed and acknowledged it. Com-

plainant said that he intended to hold the deed while he lived, and on his order Bunn sealed it up in an envelope, on the back of which he wrote, "Deed of Charles B. Anderson to Sarah Maratta." Complainant took the deed and went away from the office with defendant. They lived together, and when they reached home the deed was placed in a drawer in the house. Afterward, when she had ceased to live with him, she went to the house in his absence and took the deed out of the drawer and made a copy of it, which she put back in the drawer in a sealed envelope and took the original away, and had it recorded shortly before complainant was married again. Complainant afterwards burned the copy with the envelope, supposing it was the original deed.

On the question of delivery, defendant testified that complainant gave her the deed on the way home, and said that if anything happened to him she should have it recorded; that she handed the deed back to him, and when they got home he gave her the key and she put the deed in the drawer, and that he said she could have it recorded. Defendant's daughter also testified that complainant gave the deed to defendant on the way home, and told her that if she saw anything was going to happen, or if she saw fit to have the deed recorded, to have it done. Complainant denied that he ever delivered the deed, and claimed that it was surreptitiously obtained by the defendant, and he testified that the daughter was not present when the alleged delivery took place on the way home. There was testimony of declarations made by each party which were inconsistent with their testimony on the trial, and in such a conflict in the evidence, as well as in view of the expressed intention of the complainant when the party left the office when the deed was drawn, we are not able to say that the conclusion arrived at in the circuit court was wrong.

The decree will be affirmed.                *Decree affirmed.*